**Edd L. BROOKS et al., Appellants,**

v.

**James P. BACHUS et al., Appellees.**

**No. 11–83–184–CV.**

Court of Appeals of Texas, Eastland.

Nov. 3, 1983.

Rehearing Denied Nov. 17, 1983.

Martin L. Peterson, McMillan & Lewellen, Stephenville, for appellants.

Russell R. Graham, Brian E. Brown, Calame, Linebarger & Graham, Austin, for appellees.

RALEIGH BROWN, Justice.

This is a suit to enjoin the Erath County Appraisal District's appraiser, James P. Bachus, and members of the District's Appraisal Review Board from accepting, approving, or certifying any values suggested by the appraiser as the market value of properties owned by plaintiffs.[1] It is contended that the appraiser failed to follow the dictates of TEX.PROP.CODE ANN. sec.

23.01 (Vernon 1982)[2] in that he did not follow proper appraisal techniques. After a temporary restraining order was dissolved, the Appraisal Review Board performed its duties. Upon motion of Bachus and the Appraisal Review Board, the cause was dismissed. Plaintiffs appeal. We affirm.

It is undisputed that plaintiffs failed to comply with any of the statutory procedures contained in TEX.PROP.CODE ANN. sec. 41 and 42 (Vernon 1982). Section 42.09 of the Code provides:

Remedies Exclusive

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes; or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

The thrust of plaintiffs' appeal is that no statute may arbitrarily deprive a taxpayer of his right "to show in defense of the action that the taxes assessed were not equal and uniform; that the value of his property was not ascertained as provided by law; and that the value assessed is in excess of its real value." He argues that to so permit would allow his property to be "taken from him without any judicial investigation." We disagree.

TEX.PROP.CODE ANN. sec. 41.41 (Vernon 1982)[3] provides plaintiffs with the right to protest to the Appraisal Review Board any determination of the appraiser

---

1. Wayne Barham, John Skipper, L.E. Adams, Louis B. Whyburn, E.J. Huckabee, H.C. Hancock, Joe Spindor, Dorothy Tankersley, Jo Rhodes, Lee Orbison, Dr. Carl A. Jordan, Ted Nease, Sam H. Wells, Raymond Jarratt, J.P. Thompson, Jr., Virgil Edwards, R.J. Caraway, A.H. Patton, Alex Fambro & Sons Land & Cattle Co., Guy Hall, Mrs. Clyde S. King, Mack Sorrells, Gordon D. Ross, W.B. Hill, Jack Carter, Chester Martin, J.L. Hill, Jr., R.F. Wallace, G.H. Hull, Houston Wells, Margaret L. Fehrenbach, Don Bramlett, Donnie Bramlett, Bramlett Implement, Inc., Bar-To-Lo Corp., Acton G. Danner, Pat Patterson and L.D. Frank.

2. Sec. 23.01 provides:

Appraisals Generally

(a) Except as otherwise provided by this chapter, all taxable property is appraised at its market value as of January 1.

(b) The market value of property shall be determined by the application of generally accepted appraisal techniques, and the same or similar appraisal techniques shall be used in appraising the same or similar kinds of property.

3. Sec. 41.41 states:

Right of Protest

which adversely affects them. Subsequent sections provide for giving notice by the property owner of the protest, Sec. 41.44; notice of a hearing, Sec. 41.46; a hearing on the protest, Sec. 41.45; and a determination of the protest, Sec. 41.47. After such an administrative hearing, plaintiffs, being dissatisfied with the decision of the Appraisal Review Board, are authorized to appeal to the district court. See Section 42.06 [4] and Section 42.21.[5] The district court, upon proper findings, may remedy excessive appraisals, unequal appraisals and erroneous values. See Sections 42.25, 42.26 and 42.27.

The court in *Texas Pipe Line Co. v. Anderson,* 100 S.W.2d 754 (Tex.Civ.App.—Austin 1937, writ ref'd), *cert. denied* 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559 (1937) said:

(T)he courts are unanimous in holding that the constitutional guarantees of equal and uniform taxation and of equal protection and due process do not purport or undertake to deal with the method or manner of accomplishing these constitutional mandates; but that they are fully satisfied when equality and uniformity, the dominant provision of the Constitution, has actually been attained. *Greene*

*v. Louisville & I.R. Co.,* 244 U.S. 499, 511, 37 S.Ct. 673, 61 L.Ed. 1280, Ann.Cas. 1917E, 88; *Law v. People,* 87 Ill. 385; *Simpson v. Pontotoc Common School Dist.* (Tex.Civ.App.) 275 S.W. 449; Lively and Druesedow Cases, supra.

\*    \*    \*    \*    \*    \*

The rule is settled that in matters of taxation the requirement of due process is satisfied if the party assessed is given an opportunity to be heard before some assessment board at some stage of the proceedings; it being sufficient if he is granted the right to be heard on the assessment before the valuation is finally determined.

The Texas Property Tax Code, by its detailed provisions, meets the challenged requirement of due process. Plaintiffs failed to avail themselves of the procedures provided. Their point of error is overruled. The judgment of dismissal is affirmed.

---

A property owner is entitled to protest before the appraisal review board the following actions:

(1) determination of the appraised value of his property or, in the case of land appraised as provided by Subchapter C, D, or E, Chapter 23 of this code, determination of its appraised or market value;

(2) unequal appraisal of his property in comparison to the weighted average level of appraisals of other property in the appraisal district;

(3) inclusion of his property on the appraisal records;

(4) denial to him in whole or in part of a partial exemption;

(5) determination that his land does not qualify for appraisal as provided by Subchapter C, D, or E, Chapter 23 of this code;

(6) identification of the taxing units in which his property is taxable in the case of the appraisal district's appraisal roll;

(7) determination that he is the owner of property; or

(8) any other action that applies to the property owner and adversely affects him.

4. Sec. 42.06 states:

Notice of Appeal

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed.

(c) If the chief appraiser, a taxing unit, or a county appeals, the body with which the notice of appeal is filed shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

5. Sec. 42.21 states:

Petition for Review

A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section. Citation is issued and served in the manner provided by law for civil suits generally.