Sam ANDERSON, Jr., Ind. & d/b/a
Robstown Appliance Co. &
Insurance & Loan Co., Appellant,

v.

ROBSTOWN INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 13-85-133-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Oct. 31, 1985.

Glynn A. Pugh, Corpus Christi, for appellant.

Brian E. Brown, Austin, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

This is a suit by appellee (taxing authority) to collect delinquent taxes on personal property. Appellant, acting pro se, answered by general denial and introduced unopposed evidence that he was not the owner of the property. The trial court granted judgment to the taxing authority, and this appeal resulted. We reverse and render.

Appellee filed a pleading in accordance with TEX.TAX CODE ANN. art. § 33.43 (Vernon 1982) alleging that appellant was the owner of certain personal property upon which the taxes were delinquent. Appellant appeared pro se and entered a general denial. In a trial to the court, the taxing authority introduced evidence in accordance with TEX.TAX CODE ANN. § 33.47 (Vernon 1982) showing that the property was on the taxing unit's current tax roll and delinquent tax roll. This constituted prima facie evidence that each person charged with a duty relating to the imposition of the tax had complied with all requirements of law and that the amount of the tax alleged to be delinquent listed is the correct amount. TEX.TAX CODE ANN. § 33.47 (Vernon 1982).

Appellee, taxing authority, asserts that this is all that is necessary to recover on this case and that the assertion of nonownership is an affirmative defense to be pleaded and proved by appellant and that appellant failed to do this. Appellee cites us to *Hays Consolidated Independent School District v. Vallero Transmission Co.,* 645 S.W.2d 542 (Tex.App.—Austin 1982, writ ref'd n.r.e.). However, we find

that that case was decided upon the provisions of TEX.REV.CIV.STAT.ANN. art. 7329 (repealed effective January 1, 1982). *See* 1973 TEX.GEN.LAWS 2nd called Session, ch. 13, § 16 at 36. *Vallero Transmission* cites us back to the original case of *Alamo Barge Lines, Inc. v. City of Houston,* 453 S.W.2d 132 (Tex.1970) wherein it was said: "By putting on its case in chief, Alamo relied primarily upon Section 1 of Article 7329, which is, in essence, an affirmative defense by which the taxpayer denies ownership of the property being taxed." It is clear, therefore, that the designation of this defense under Article 7329 makes it an affirmative defense only because of the wording of the statute.[1]

 In 1982 the tax laws were revised and codified in the Texas Property Tax Code, effective January 1, 1982, and the provision making nonownership an affirmative defense was dropped from the tax code and not carried forward.[2] In addition, we find that under the provisions of TEX.TAX CODE ANN. § 33.43 (Vernon 1982) the allegation of ownership is required to be a part of the petition. Therefore, the burden of proof is now upon the taxing authority to demonstrate that the person sued owned the property on January 1 of the year in which the tax was imposed ·or that the person sued owns the property when the suit is filed TEX.TAX CODE ANN. § 33.-43(a)(6) and (7). Evidence of appellant's nonownership was properly introduced under a general denial, and the burden of proof was upon the taxing authority to introduce evidence of ownership and to sustain the burden of proving it.

 The evidence introduced at trial through the testimony of appellee, and not refuted, is sufficient to show that all of the property sued on is not owned by appellant, and, therefore, we find that appellee, tax-

ing authority, has not met its burden of proof and is not entitled to a judgment in this suit. Appellant's point of error is sustained.

The judgment of the trial court is reversed and rendered that appellee take nothing.

---

1. There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:
 1. That the defendant was not the owner of the land at the time the suit was filed.
 2. That the taxes sued for have been paid, or
 3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall

apply only to such excess. TEX.REV.CIV.STAT. ANN. art. 7329 (repealed).

2. Because this is a procedural and not substantive matter, the law as in effect on the date of trial is applied. *Regal Properties v. Donovitz,* 479 S.W.2d 748 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).