## ROBSTOWN INDEPENDENT SCHOOL DISTRICT, et al., Petitioners,

v.

## Sam ANDERSON, Individually and D/B/A Robstown Appliance Co. and Insurance and Loan Co., Respondent.

### No. C–4833.

Supreme Court of Texas.

March 5, 1986.

Calame, Linebarger & Graham, Peter W. Low, Joseph, Rider & Cameron, Kent M. Rider, Austin, for petitioners.

Glenn A. Pugh, Corpus Christi, for respondent.

PER CURIAM.

Robstown Independent School District sued Sam Anderson, Individually and doing business as Robstown Appliance Company and Insurance and Loan Company for delinquent taxes on personal property for the tax years 1980 through 1982. Anderson answered pro se with a general denial. The City of Robstown then intervened, claiming delinquent taxes and current taxes due on the same property for the tax years 1980 through 1983.

Certified copies of the delinquent and current tax rolls were introduced into evidence together with the testimony of the Deputy Tax Collector and an employee of the City Tax Department to establish the prima facie case of the District and the City. Anderson then raised the defense of non-ownership of the property assessed.

The trial court rendered judgment for the taxing authorities. The court of appeals held that the suit was governed by the provisions of the Texas Tax Code Annotated and that the taxing authorities had failed to meet their burden of proving that Anderson owned the property against which the delinquent taxes had been assessed. 698 S.W.2d 206. Pursuant to Rule 483, Tex.R.Civ.P., we grant Robstown Independent School District's and the City of Robstown's application for writ of error and without hearing oral argument reverse and render judgment that the District recover delinquent taxes for the year 1982 and the City recover for the years 1982 and 1983.

█ Texas Tax Code Annotated became effective January 1, 1982. Pursuant to section 41.41 a property owner is entitled to protest before the appraisal review board a determination that he is the owner of property. If he fails to comply with the administrative procedure of protest, he is pre-

cluded from raising non-ownership in defense to a suit to enforce collection of delinquent taxes. Tex. Tax Code Ann. § 42.09 (Vernon 1982).

■ Prior to adoption of the Tax Code, there were no requirements for the administrative procedure of protest. Therefore, Anderson was not required to protest taxes assessed prior to 1982 in order to preserve the defense of non-ownership. Any assessment after the effective date of the code must be protested before the appraisal review board or the defense of non-ownership is waived. *See Brooks v. Bachus,* 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

The taxing authorities established their prima facie case for the tax years 1980 through 1983. The court of appeals found that the evidence of non-ownership was sufficient to rebut the taxing authorities' prima facie case for tax years prior to 1982. Anderson waived the defense for the tax years 1982 and 1983 by failing to comply with the administrative procedure of protest. Therefore, he was unable to rebut the prima facie case for those years. The taxing authorities met their burden of proof and are entitled to recover taxes assessed for the years 1982 and 1983.

We reverse that part of the judgment of the court of appeals denying recovery by the taxing authorities of taxes assessed against Anderson for the years 1982 and 1983 and render judgment that the authorities recover same. The remainder of the court of appeals' judgment is affirmed.