**BIRDVILLE INDEPENDENT SCHOOL DISTRICT, Tarrant County, and City of Haltom City, Appellants,**

v.

**FIRST BAPTIST CHURCH OF HALTOM CITY, Appellee.**

No. 2–87–239–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 6, 1988.

Rehearing Overruled May 15, 1990.

Rohne, Hoodenpyle, Lobert & Myers and Wayne A. Rohne, Arlington, for appellants.

Gibbs & Craze Co., and Charlotte A. Cover, Cleveland, Ohio, for appellee.

Before BURDOCK, FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

Appellants sued appellee for delinquent taxes owed on property owned by appellee and used for a private school. Appellee contends that the procedure for claiming tax exempt status, i.e., the filing of an application for exemption, violated its religious tenets and restricted its free exercise of religion. The trial court held that the application procedure violated appellee's rights to the free exercise of religion under the first amendment of the federal constitution and rendered judgment on the jury's verdict for appellee.

Appellants raise four points of error. In their first point, appellants contend that appellee was required to raise its constitutional claim before the appraisal review board, and that this failure to exhaust the administrative remedies provided for in the Tax Code deprives the trial court of jurisdiction to pass on the constitutional question. Appellants' second point of error argues that the trial court should have submitted their requested instruction setting out the definition of "actual places of religious worship." Appellants' third point contests the factual and legal sufficiency of the evidence supporting the jury's answers to special issues inquiring as to the use of the subject property as a place of religious worship. Finally, appellants argue that the filing of an application for exemption does not rise to the level of an unconstitutional burden on the free exercise of religion.

For the reasons discussed below, we do not believe that the constitutional issue was adequately presented for the trial court's review. We therefore reverse and render judgment for the delinquent taxes for the tax years 1982 through 1986. We affirm that portion of the judgment stating that appellants take nothing for the tax years 1977 through 1981.

This suit was originally brought by Birdville Independent School District for the recovery of delinquent ad valorem real property taxes for the tax years 1977 through 1985. Tarrant County and the City of Haltom City later intervened. Appellee owns three tracts of land located within the area controlled by the tax authorities. One of the tracts contains a church building and parking lot and was determined by all the taxing authorities to be exempt. This finding is not in dispute in this case. However, two other pieces of real property owned by the church were determined to be taxable: a portion of an 11.21 acre tract and an adjoining lot. After an affidavit of exemption was filed in 1977, 1.2 acres of the 11.21 acres were determined to be exempt for the church parsonage. The remaining 10.01 acres were used for a private religious school. The third parcel, the lot, was purchased by the church in 1982 to provide better access to the 10.01 acre tract. The dispute over this parcel involves only the taxes for 1982 since an exemption on this tract was granted for subsequent tax years.

Appellants' first point of error argues that the trial court had no jurisdiction over this case because the appellee failed to protest the tax assessment to the appraisal review board. In reply, appellee argues that the sole question over the exemption is a legal one: whether the church had to file an application for exemption in order to be exempt from ad valorem property taxation. While we agree with appellee's contention, the constitutional question was not properly before the trial court because appellee provided "information" on an altered exemption application form to the Tarrant Appraisal District, who treated it as a claim for exemption that was subsequently denied. In effect, appellee has complied with the requirements of the statute while at the same time it has taken the position that the requirement of filing such an application was unconstitutional.

TEX. CONST. art. VIII, sec. 2 provides that "the legislature may, by general laws, exempt from taxation ... actual places of religious worship...." Prior to 1982, TEX.REV.CIV.STAT.ANN. art. 7150 implemented this constitutional exemption.

It was not until 1982, however, that an administrative mechanism was put into place that allowed the taxpayer to protest an assessment short of trial de novo review. Beginning in 1982, the Tax Code

provided for local appraisal review boards to insure uniform appraisals, propriety of granted exemptions, and review of tax records. *See* TEX.TAX CODE ANN. sec. 41.01 (Vernon 1982). Furthermore, section 42.09 provides:

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes; or:

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

TEX.TAX CODE ANN. sec. 42.09 (Vernon 1982). It is upon these statutory provisions that appellants base their contention that appellee has waived the constitutional question by failing to exhaust required administrative remedies.

■ As a general rule, a party must exhaust his administrative remedies before seeking judicial review of agency action. However, the doctrine has no application when there are pure questions of law involved. *See Grounds v. Tolar Independent School Dist.*, 707 S.W.2d 889, 892 (Tex.1986). This same exception applies when the legal question is one of whether a statute is constitutional:

Administrative agencies have no power to determine the constitutionality of statutes. Accordingly, there is no sound reason for forcing a litigant through the administrative process when in good faith he is advancing a substantial complaint that the statute that he is charged with violating is unconstitutional. The futility of requiring the exhaustion of administrative remedies in such cases is apparent. It is for this reason that exhaustion may be excused wherein substantial constitutional questions are involved.

*Texas State Bd. of Pharmacy v. Walgreen Texas Co.*, 520 S.W.2d 845, 848 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.) (citations omitted). In other words, "[w]hen the only issue raised is constitutionality of the statute, a court may decide it without waiting for an administrative proceeding." 4 K. DAVIS, ADMINISTRATIVE LAW TREATISE 435 (2nd ed. 1983).

However, the constitutional question of whether the church can be forced to file an application for exemption is not one clearly before us due to the actions of the church in providing information to the appraisal district. In our holding, we must demarcate between the tax years of 1977 through 1981, during which article 7150 was the statute controlling the administration of exemptions, and 1982 through 1986, during which the appraisal review mechanism was in effect as a result of the Tax Code.

■ In *Robstown Independent School District v. Anderson*, 706 S.W.2d 952 (Tex. 1986), the supreme court held that under pre-Tax Code law, there was no administrative protest procedure prior to 1982; thus a defense to the tax assessment could be raised for the first time at trial. *See id.* at 953. We have examined the jury's answers to the special issues relating to the tax years 1977 through 1981 and find that they were answered in appellee's favor. Thus appellants were not entitled to recover delinquent taxes for this period. Such favorable findings for the church preclude resolution of the constitutional question with regard to the tax years 1977 through 1981.

■ With regard to the tax years 1982 through 1986, however, we find that the constitutional question was not adequately raised by the record. The difficulty in addressing the question is created by the fact that appellee, while asserting the unconstitutionality of the application requirement, voluntarily supplied substantially the same information to the taxing authority.

The "information" provided by the church consists of a letter from the governing board of the church describing the functions of the church, the school, and its overall ministry. Also included is a standardized application for exemption, altered so that the word "information" was substituted for the word "application" and the word "informant" substituted for the word "applicant." The majority of the questions

on the application are answered, and the remainder are either not applicable or reference the attached letter.

We see no appreciable difference between applying for an exemption and providing substantially the same "information" by way of an altered form and accompanying letter. In either case, the church is still submitting information to the taxing authority that will ultimately pass on the propriety of the exemption. Had appellee not submitted anything to the appraisal district, the constitutional question would have been squarely presented for us to decide. However, by substantially complying with the statute, regardless of intent, appellee has ceded its constitutional complaint. This conclusion is nothing more than the logical extension of the constitutional doctrine that a party may not avail himself of one part of a statute while contesting the constitutionality of another. *See Hurst v. Guadalupe Cty. Appraisal Dist.*, 752 S.W.2d 231, 232–33 (Tex.App.—San Antonio 1988, no writ); *Texas Architectural Aggregate v. Adams*, 690 S.W.2d 640, 643 (Tex.App.—Austin 1985, no writ); *Becton v. Dublin*, 163 S.W.2d 907, 910 (Tex.Civ.App.—El Paso 1942, writ ref'd).

■ Furthermore, since appellee did not participate in an appeal to the appraisal review board to protest the assessment, the church is foreclosed from contesting the validity of the assessment on factual grounds. *See Robstown*, 706 S.W.2d at 952–53; *Brooks v. Bachus*, 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). Since appellants established a prima facie case of delinquency, we hold that they are entitled to delinquent taxes for the years 1982 through 1986. Appellants' first point of error is sustained in part.

■ Appellants contend in their second point of error that the trial court erred in failing to submit a requested instruction. Appellants objected to the trial court's failure to submit the instructions; however, the transcript does not contain a requested instruction endorsed with the trial court's ruling.

■ In order to preserve a trial court's error in failing to submit a requested instruction, the party desiring the requested instruction must tender it in writing and obtain the judge's ruling and signature thereon. *See* TEX.R.CIV.P. 276; *see also Governing Bd. v. Pannill*, 659 S.W.2d 670, 681 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). Absent the mandatory procedure prescribed by Rule 276, error, if any, is waived. Appellants' second point of error is overruled.

■ Appellants' third point of error reads:

The trial court erred in denying Appellant's request for judgment n.o.v. because the evidence presented at trial was insufficient to support the jury's findings in Special Issues No. 2, 3, 4, and 10 and the findings were so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

We take appellants' point of error to mean there was no evidence to support the jury's answers to the special issues, or, in the alternative, the evidence was factually insufficient to support the jury's answers to the special issues. Whether appellants are actually contesting the legal sufficiency or factual insufficiency of the evidence is irrelevant, since we find there was ample evidence to support the jury findings under either standard of review.

Under special issue no. 2, the jury found that the 10.01 acre tract was used only as an actual place of religious worship for the tax years 1977, 1978, and 1979. Under special issue no. 3, the jury found that the 11 acre tract was used primarily as a place of regular religious worship during the years 1980 through 1985. In its answer to special issue no. 4, the jury found that the 10.01 acre tract was reasonably necessary for engaging in religious worship for the years 1980 through 1985. In its answer to special issue no. 10, the jury found that the State of Texas had a less drastic means of regulation available to it in accepting a letter of church information and an "information" form from a church rather than an application for exemption.

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter of law, overcome two hurdles. *See Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

 An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

Reverend M.M. Mosley, pastor of the church during the tax years at issue, testified about the use of the 11 acre tract for religious worship. The property had originally been obtained as a donation. Mosley testified that upon its acquisition, the church congregation met upon the property to "dedicate" it in an open-air worship service. He further testified that the property was used for religious youth meetings, church fellowship meetings, Bible studies and prayer meetings. In short, the church "had every kind of church meeting on that property that we have in our auditorium, other than a funeral or a wedding."

The church school building was begun on the property in 1982 and completed in 1983. Daily worship services were conducted in the school on behalf of the school children and the property was used about once a month for open-air meetings.

Appellants argue that under *Kerrville Ind. Sch. Dist. v. Southwest Texas Encampment Ass'n*, 673 S.W.2d 256, 260–61 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.), Reverend Mosley's testimony is not sufficient to support the jury's determination as to the religious use of the property. That case is factually distinguishable from this case because the religious organization in *Kerrville* offered no evidence as to any religious program or worship that actually took place on the disputed property. In this case, while the evidence of the religious use was conflicting, there was some evidence that the entire tract was used for religious worship on a regular basis. This evidence amounted to more than a scintilla and was ample enough that the jury's findings thereon were not manifestly unfair. Having cleared the two hurdles, the jury's answers to special issues 2, 3 and 4 must stand. Appellants' third point of error is overruled.

We reverse that part of the judgment denying recovery by the taxing authorities of taxes assessed against the church's school property for the years 1980 through 1986 and render judgment that the authorities recover same. The remainder of the judgment is affirmed.