Hart 





TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00413-CV







Larry Hart, Appellant




v.




Smithville Independent School District, Appellee








FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 6332, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING








 Larry Hart appeals from a summary judgment granted in favor of Smithville
Independent School District (Smithville I.S.D.) for delinquent ad valorem taxes. Hart contends
(1) the trial court erred in denying him the right to present evidence of his property's fair market
value, where Hart considered the assessed value to be excessive and therefore in violation of
Texas Constitution article VIII, section 20; and (2) the trial court erred in failing to apply the
principle of equitable estoppel. We will affirm the trial court's judgment.

 In 1988, the Bastrop Central Appraisal District valued Hart's property at $23,446,
and used this value to calculate all ad valorem taxes for the 1988 tax year. Accordingly, Hart paid
taxes owed to the County of Bastrop and to the City of Smithville based on this assessed property
value; Hart failed to pay taxes owed to Smithville I.S.D. in 1988, taxes also based on the assessed
value of $23,446.

 When Smithville I.S.D. sought to collect its taxes, Hart protested the 1988
assessment to the Appraisal District, claiming that the valuation was excessive. Appraisal District
employee Mark Boehnke proposed to enter into an agreement with Hart to request that the
Appraisal Review Board lower the appraised value of the property. Boehnke signed the agreement
on behalf of the Appraisal District and gave it to Hart along with a letter advising Hart that the
agreement must be signed and returned to the Appraisal District by June 21, 1988. It is
undisputed that Hart failed to sign or return the agreement. Consequently, the appraisal was not
changed and the assessed value of the property remained $23,446.

 In 1994, Smithville I.S.D. brought suit against Hart to collect delinquent taxes
assessed on the property in 1988, and the trial court granted summary judgment in favor of the
school district. This appeal ensued.

 In his first point of error, Hart asserts that the trial court violated article VIII,
section 20 of the Texas Constitution when it denied Hart the opportunity to present evidence that
the property assessment was excessive. This denial, Hart claims, deprived him of his
constitutional rights.

 The Texas Tax Code has established a statutory procedure whereby property
owners may protest their property assessments and "any other action of the chief appraiser,
appraisal district, or district review board that applies to and adversely affects the property owner"
with regard to the owner's ad valorem taxes. Tex. Tax Code Ann. § 41.41 (West 1992). (1) Only
when a claimant has exhausted the administrative procedures set forth by the Tax Code for
protesting an assessment may the property owner seek judicial review on the matter. Shenandoah
v. Swaggart Evangelistic Ass'n, 785 S.W.2d 899, 901 (Tex. App.--Beaumont 1990, writ denied). 
The Shenandoah court stated:


Chapter 41 sets out strict procedures for taxpayers to follow in order to
successfully protest various issues dealing with their tax assessment. Once a
taxpayer has fully complied with the procedures listed in Chapter 41, and the party
is still dissatisfied with the final administrative ruling, the party then can avail itself
of Chapter 42 of the TAX CODE, which deals with judicial review of the
administrative order. 



Id. (citation omitted). This Court has similarly held that the procedures outlined in the Code are
exclusive of and pre-requisite to judicial review of tax assessments:



The Code purports to make mandatory and exclusive the administrative proceedings
therein prescribed. And the Code purports to make exclusive the remedies therein
authorized. That is to say, these statutory proceedings and remedies are made
exclusive of any judicial proceeding or remedy authorized by the common law by
which a property owner may contest the appraisal of his property and prevent the
collection of ad valorem tax based thereon.



Texas Architectural Aggregate v. Adams, 690 S.W.640, 642 (Tex. App.--Austin 1985, no writ). 
Hart did, in fact, begin the proper procedure mandated by the Code when he protested the 1988
assessment of his property to the Bastrop County Appraisal District. When he failed to sign and
return the agreement to lower the appraised value, however, Hart essentially failed to properly
contest the assessment. Because Hart did not exhaust the Tax Code's procedures, he was not
entitled to present evidence of the fair market value to the trial court.

 Hart asserts that, notwithstanding the statutory procedures, the Constitution
provides an absolute right to provide evidence of fair market value. See Tex. Const. art. VIII,
§ 20. (2) He thus implicitly attacks as unconstitutional the requirement that he follow the Tax Code
procedures prior to presenting evidence of fair market value in a judicial forum. Texas courts
have upheld this statutory scheme against similar constitutional attacks. See Brooks v. Bachus,
661 S.W.2d 288, 289 (Tex. App.--Eastland 1983, writ ref'd n.r.e.); General Elec. Credit Corp.
v. Midland Cent. Appraisal Dist., 808 S.W.2d 169, 171 (Tex. App.--El Paso), rev'd on other
grounds, 826 S.W.2d 124 (Tex. 1991). The appellants in Brooks, like Hart, asserted that the Tax
Code could not "arbitrarily deprive a taxpayer of his right `to show in defense of the action that
the . . . value assessed is in excess of [the property's] real value.'" Brooks, 661 S.W.2d at 289. 
The appellants argued that because the defense could not be raised, they were deprived of
constitutional due process. Id. The Brooks court held that "[t]he Texas Property Tax Code, by
its detailed provisions, meets the challenged requirements of due process." Id. at 290. In
response to similar constitutional questions, the General Electric court stated:



The question of the constitutionality of the present Texas Tax Code, since its
effective date on January 1, 1982, has been considered by several Texas courts.
Without exception, the courts have found that the procedures set forth in the Code
for judicial review of administrative determinations meet the due process
requirements of the United States and Texas Constitutions.



General Elec., 808 S.W.2d at 171.

 Furthermore, because Hart availed himself of the administrative procedures
required by the Code, he cannot now argue that those same procedures are unconstitutional. 
Texas Architectural Aggregate, 690 S.W.2d at 643. This Court explained that "it is a fundamental
rule of constitutional law that a court `will not pass upon the constitutionality of a statute at the
same instance of one who had availed himself of its benefits.'" Id. (quoting Ashwander v.
Tennessee Valley Auth., 297 U.S. 288 (1936)).

 Because the Texas Tax Code provides reasonable and adequate remedies to
claimants, the statute does not deprive landowners of their right to show that their property is
excessively assessed. Hart, through the Tax Code, had ample opportunity to present evidence of
an unfair assessment. Requiring Hart to follow the necessary procedures for filing protests neither
barred such protests nor denied him constitutional due process. We overrule Hart's first point of
error.

 Hart contends in his second point of error that the trial court erred in failing to
apply the principle of estoppel with regard to the alleged incorrect 1988 property assessment. 
Hart claims that because it was known that the appraisal was not correct, the trial court should
have applied the doctrine of equitable estoppel. Although Hart included the sentence "[t]he
Plaintiff should be estopped from knowingly employing and representing to the Court a false
figure for value" in his response to the motion for summary judgment, he did not specifically
argue that the court should apply the doctrine of estoppel, nor did he plead the doctrine of
equitable estoppel in his response to the summary judgment motion. Because the theory of
equitable estoppel was not specifically advanced in Hart's response to the motion for summary
judgment, it may not be brought forth for the first time on appeal. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). Even if we were to assume that Hart properly
raised the doctrine of equitable estoppel, there would be no basis for Hart's claim that Smithville
I.S.D. represented a false figure to the trial court. Gulbenkian v. Penn, 252 S.W.2d 929, 932
(Tex. 1952) (stating that a false misrepresentation is a necessary criterion of equitable estoppel). 
Hart had the opportunity to properly protest the assessment represented to the court, and he did
not do so. Therefore, the assessment cannot be considered false. We overrule Hart's second
point of error.

 Finding no error, we affirm the summary judgment.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 21, 1996

Do Not Publish

1. [1]  Section 41.41 provides:


Right of Protest


A property owner is entitled to protest before the appraisal review board the
following actions:


(1) determination of the appraised value of the owner's property or, in the case
of land appraised as provided by subchapter C, D, or E, Chapter 23,
determination of its appraised or market value;


(2) unequal appraisal of the owner's property;


(3) inclusion of the owner's property on the appraisal records;


(4) denial to the property owner in whole or in part of a partial exemption;


(5) determination that the owner's land does not qualify for appraisal as provided
by subchapter C, D, or E, Chapter 23;


(6) identification of the taxing units in which the owner's property is taxable in
the case of the appraisal district's appraisal roll;


(7) determination that the property owner is the owner of property;


(8) a determination that a change in use of land appraised under Subchapter C, 
D, or E, Chapter 23, has occurred; or


(9) any other action of the chief appraiser, appraisal district, or appraisal review
board that applies to and adversely affects the property owner.


Tex. Tax Code Ann. § 41.41 (West 1992).
2. [2]  Although Hart relies on the language of article VIII, section 20 in claiming that the trial
court erred in not allowing him to present evidence of his property's fair market value, his
assertion is essentially a constitutional due process challenge; by not permitting Hart to present
the evidence of fair market value, Hart actually asserts that his property was taken without due
process. See Brooks v. Bachus, 661 S.W.2d 288, 289 (Tex. App.--Eastland 1983, writ ref'd
n.r.e.).