**MOTOROLA, INC., Appellant,**

v.

**TARRANT COUNTY APPRAISAL DISTRICT, Appellee.**

No. 2–97–266–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1998.

Popp & Ikard, Jay Breedveld, William Ikard, Austin, for Appellant.

Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Robert Mott, Joseph Longoria, Houston, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

DAY, Justice.

### INTRODUCTION AND HOLDING

Under the Texas Constitution, free-port goods are exempt from ad valorem taxa-

tion[1]:

> To promote economic development in the State, goods, wares, merchandise, other tangible personal property, and ores, other than oil, natural gas, and other petroleum products, are exempt from ad valorem taxation if ... the property is transported outside of this State not later than 175 days after the date the person acquired or imported the property in this State.

Tex. Const. art. VIII, § 1–j(a)(3). But, by statute, this exemption can be forfeited if the property owner does not timely provide information requested by the appraiser to determine the amount and value of the freeport goods:

> The chief appraiser by written notice delivered to a property owner who claims an exemption under this section may require the property owner to provide copies of inventory or property records in order to determine the amount and value of freeport goods. If the property owner fails to deliver the information requested in the notice before the 31st day after the date the notice is delivered to the property owner, the property owner forfeits the right to claim or receive the exemption for that year.

Tex. Tax Code Ann. § 11.251(h) (Vernon 1992). In this appeal we are asked to decide, under the freeport exemption of the Texas Constitution, the constitutionality of the forfeiture statute. We hold that section 11.251(h) is constitutional as applied and affirm the trial court's summary judgment.

## BACKGROUND FACTS

On May 2, 1995, Motorola, Inc. applied for a tax exemption of its freeport goods for tax year 1995. Because full inventory information was not available, Motorola simply attached its property report and freeport ex-

emption from tax year 1994. *See id.* § 11.251(d). Motorola claimed an exemption of $9.8 million in value, which would result in $290,000 tax revenue without the exemption. The Tarrant County Appraisal District requested additional information[2] on May 11 and pointed out the forfeiture provision:

> Please note that under Section 11.251, paragraph (h) of the Property Tax Code, you have thirty (30) days from the date of this request to supply the documentation requested. Failure to comply within thirty (30) days will result in your forfeiting the right to receive this exemption this year.

On June 23 after the expiration of the 30–day deadline, Motorola filed amended information relative to tax year 1995, but the information did not fully comply with the District's request. The next day, the District denied Motorola's application for a freeport exemption because of its "[f]ailure to supply supporting documentation within 30 days as requested."[3] Motorola filed a protest with the Appraisal Review Board, but the Board upheld the District's determination. *See id.* §§ 41.44, 41.47 (Vernon 1992). Motorola appealed the Board's order by bringing a petition for review in district court. *See id.* § 42.06 (Vernon Supp.1998), § 42.21 (Vernon 1992).

The District moved for summary judgment based on Motorola's failure to timely provide the requested information under the forfeiture statute. Motorola also moved for summary judgment, asserting that it had sufficiently complied with article VIII, section 1–j to receive the exemption and that the forfeiture provision is unconstitutional. At the hearing, Motorola amended its motion to ask for only a partial summary judgment based solely on the issue of the constitutionality of the forfeiture statute. The district court denied Motorola's motion and granted the District summary judgment against Motorola.

---

1. An ad valorem tax is a tax on the value of property. *See State v. Wynne,* 134 Tex. 455, 133 S.W.2d 951, 957 (1939), *appeal dism'd,* 310 U.S. 610, 60 S.Ct. 980, 84 L.Ed. 1388 (1940).

2. Specifically, the District requested information to determine the amount of inventory that left the state within 175 days, which would qualify for the exemption.

3. We note that the District "denied" Motorola's exemption application and did not state that the exemption was "forfeited" even though the stated reason was section 11.251(h)'s forfeiture provision.

Motorola now asks this court to reverse the summary judgment and find that the forfeiture statute is unconstitutional. Motorola further asks us to remand the case to the trial court for a determination of the amount of the freeport exemption and attorneys' fees. *See generally id.* § 42.28 (Vernon 1992). Motorola argues that it is entitled to this relief because section 11.251 is unconstitutional as applied because it unreasonably and arbitrarily attempts to forfeit article VIII, section 1–j's exemption.

## WAIVER

∎ The District asserts that Motorola waived its constitutional challenges because it partially complied with the challenged statute. We have previously held that a party that challenged the procedure for claiming a tax exemption waived its constitutional claim because the party attempted to comply with the challenged statutory procedure by filing an exemption application form. *See Birdville Indep. Sch. Dist. v. First Baptist Church of Haltom City,* 788 S.W.2d 26, 29–30 (Tex. App.—Fort Worth 1988, writ denied). But the instant case is different from *Birdville.* Motorola is essentially challenging the constitutionality of the automatic forfeiture of its freeport-goods exemption.[4] Motorola did not try to comply with the 30–day requirement. In fact, Motorola did not file any additional information relative to the exemption until after the 30–day deadline had expired. Thus, the essential underpinnings for the waiver argument—a party cannot enjoy the benefits of one part of a statute and challenge the constitutionality of another part— are not present. *See generally id.* at 30. Accordingly, Motorola has not waived its specific attack to the forfeiture statute.

## CONSTITUTIONALITY OF FORFEITURE STATUTE

### INTERPRETATION GUIDELINES

∎ We may not lightly strike down a statute as unconstitutional. *See Appraisal Review Bd. of Galveston County v. Tex–Air*

*Helicopters, Inc.,* 970 S.W.2d 530, 532 (Tex. 1998). We should interpret the statute in a manner that avoids constitutional infirmity. *See Quick v. City of Austin,* 41 Tex. Sup.Ct. J. 751, 753, 1998 WL 236304, at *4, —— S.W.2d ——, —— (May 8, 1998). In determining the constitutionality of a statute, there is a strong presumption of its validity whether the attack is grounded in due process or equal protection; moreover, tax legislation receives special deference. *See Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex. 1989); *Whitworth v. Bynum,* 699 S.W.2d 194, 197 (Tex.1985). Further, we should not substitute our own policy judgment for that of the Legislature. *See Lucas v. United States,* 757 S.W.2d 687, 721 (Tex.1988) (Phillips, C.J., dissenting).

### SELF-EXECUTING NATURE OF FREEPORT EXEMPTION

Motorola's first point asserts that article VIII, section 1–j is self-executing and, thus, immune from any statutory limitations. While we agree that the amendment is, in the main, self-executing, we find that the framers did not include any procedure for establishing the amount and value of such freeport goods.

∎ A constitutional provision is said to be self-executing when it supplies a rule sufficient to protect the right given or permit enforcement of the duty imposed. *See Mitchell County v. City Nat'l Bank of Paducah, Ky.,* 91 Tex. 361, 43 S.W. 880, 883–84 (1898); Attorney General Opinion Nos. MW–245 (1980), V–748 (1948). It is self-executing to the extent that anything done in violation of it is void. *See* Attorney General Opinion V–748 (1948) (quoting *Hemphill v. Watson,* 60 Tex. 679 (Tex.1884)).

∎ The freeport-goods exemption is self-executing to the extent that all laws in conflict with its existence are void. However, in so far as anything is required to be done to carry out the provision, it is not self-executing because there are no rules that prescribe how any act could be done in the enforce-

---

4. As we note below, Motorola conceded at oral argument that the constitutional freeport exemption is not completely self-executing, which essentially leaves us with a sole issue in this appeal: whether the automatic forfeiture statute is unconstitutional as applied to Motorola.

ment of its requirements. *See Mitchell County*, 43 S.W. at 883–84. Indeed, Motorola conceded at oral argument that the Legislature has the power to oversee the administration of the exemption and administer it. Thus, Motorola's only remaining complaint is that section 11.251(h) is unconstitutional because it results in forfeiture instead of mere denial of the exemption.

## CONSTITUTIONALITY OF FORFEITURE STATUTE

At oral argument, Motorola narrowed its focus and solely argued that section 11.251(h) is an unconstitutional and unreasonable attempt by the Legislature to administer the freeport exemption. Motorola asserts that automatic forfeiture is unreasonable and, thus, unconstitutional because all other tax exemptions are denied and not forfeited. The unreasonableness arises, according to Motorola, because when an exemption is denied, the property owner can argue qualification for the exemption before the Appraisal Review Board, which is a right not afforded to property owners whose freeport exemption is forfeited. Motorola asserts that in a forfeiture protest, the property owner may only question compliance with the 30–day deadline before the Board. Motorola bases its argument on the fact that all other exemptions are administered under section 11.45. TEX. TAX CODE ANN. § 11.45 (Vernon 1992). We will assume that Motorola's attack is grounded in equal protection concerns.

■ The Fourteenth Amendment permits the states a wide scope of discretion in enacting laws that affect some groups of citizens differently than others. *See McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Equal protection does not impose any rigid equality of taxation. *See Bell's Gap R. Co. v. Pennsylvania*, 134 U.S. 232, 237, 10 S.Ct. 533, 535, 33 L.Ed. 892 (1890). The constitutional safeguard is offended only if the classification rests on grounds irrelevant to the achievement of the State's objective. *See McGowan*, 366 U.S. at 425, 81 S.Ct. at 1105. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some

inequality. *See Id.* at 425, 81 S.Ct. at 1105. A statutory discrimination will not be set aside if any state of facts may be conceived to justify it. *See Id.* at 426, 81 S.Ct. at 1105. Indeed, "the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to [negate] every conceivable basis which might support it." *Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940) (footnotes omitted).

■ There is nothing in the text of section 11.251(h) to indicate that section 11.45's procedures for exemption applications do not apply to the freeport-goods exemption. In fact, there is no showing in the record that these procedures were not complied with in Motorola's case. There is also no indication in the statute that a protest from a section 11.251(h) forfeiture would be limited to the narrow issue that Motorola imposed on its protest. Interestingly in this case, even if Motorola had submitted the information to the Board that it submitted late to the District, the exemption would still have been forfeited because the information was not the information the District needed to determine Motorola's eligibility. In other words, the Board would not have had sufficient information to determine the merits of Motorola's entitlement to the 1995 exemption.

Further, we do not believe that it was constitutionally unreasonable or arbitrary for the Legislature to put a 30–day deadline on filing entitlement information. Article VIII, section 1–j explicitly states that the purpose of the exemption is "to promote economic development in the State." TEX. CONST. art. VIII, § 1–j. Without the statutory deadline, taxing units would have to guess when they set their budgets and tax rates, which certainly would not promote economic development. Also, in the absence of a deadline, these exemption determinations could go on interminably, which would also frustrate the exemption's purpose.

Finally, other administrative procedures on an entitlement showing have been held to be constitutional. *See, e.g., Central Apprais-*

al Dist. of Rockwall County v. Lall, 924 S.W.2d 686, 690 (Tex.1996); *Graham v. Hutchinson County Appraisal Review Bd.*, 776 S.W.2d 592, 594 (Tex.App.—Amarillo 1988, writ denied); *Brooks v. Bachus*, 661 S.W.2d 288, 289–90 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); *cf. Robstown Indep. Sch. Dist. v. Anderson*, 706 S.W.2d 952, 953 (Tex.1986) (holding taxpayer may be held liable for taxes on property he does not own if he does not follow Tax Code's procedures).

### CONCLUSION

Article VIII, section 1–j is not self-executing in so far as anything is required to be done to carry out the provision. Section 11.251(h) does not, on its face, exempt itself from the procedural safeguards of section 11.45, and the Legislature's 30–day deadline for entitlement proof is not unconstitutional because it directly promotes the Constitution's stated purpose of promoting economic development in Texas. Thus, Motorola has not sustained its high burden to show that the difference between forfeiture of the exemption and denial of the exemption—if indeed there is a difference—rests on grounds irrelevant to achievement of the State's objective of promoting economic development in Texas. Accordingly, we hold that section 11.251(h) is not unconstitutional as applied to Motorola, overrule Motorola's points, and affirm the trial court's summary judgment.