NO. 07-00-0509-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 19, 2001

_____


LUBBOCK CENTRAL APPRAISAL DISTRICT, APPELLANT

V.

SILVERSTAR AVIATION, INC. NOW OMNIFLIGHT HELICOPTER , INC., APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 92-729-940; HONORABLE JIM BOB DARNELL, JUDGE

_____


Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


Following a trial before the court, Lubbock Central Appraisal District (the District) challenges the judgment that it take nothing in its action against Silverstar Aviation, Inc., now Omniflight Helicopter, Inc. (Omniflight) for 1990 taxes on a helicopter formerly owned by Silverstar, but sold to Omniflight on December 27, 1989, plus penalty and interest. Presenting only one point of error, the District contends that the trial court erred in ruling

for Omniflight because it failed to avail itself of the administrative remedies established by the Texas Property Tax Code,[1] thereby depriving the trial court of jurisdiction to consider its situs defense in a suit for collection of delinquent taxes. Based upon the rationale expressed herein, we affirm.

The District does not challenge the sufficiency of the evidence. Thus, only the facts necessary to disposition of this appeal will be discussed. Upon presentation of 18 written stipulation of agreed facts, the trial court made findings of fact and conclusions of law. As material here, the trial court found:

- The helicopter was permanently removed from Lubbock, Texas on June 30, 1989. On December 27, 1989, Silverstar sold its stock and assets. The transaction was not a matter of public record and the seller did not disclose that any aircraft was located then or previously in Lubbock, Texas.[2]

- On January 1, 1990, the new purchasers of the stock and assets of Silverstar continued to do business as Silverstar Aviation at 105-A Wappoo Creek Drive, Charleston, SC, although no notification of the Charleston address was given to the District until March 29, 1991.

- On January 1, 1990, the District assessed 1990 taxes in the amount of $16,953.53.

---

[1]All references herein are to the Texas Tax Code Annotated (Vernon 1992 & Supp. 2001) unless otherwise designated.

[2] Sales of aircraft are covered by federal law. 49 U.S.C. § 44107 (a)(2) (1997). Although actual notice of the sale of the helicopter was not given to the District, similar to real estate transactions, the District can monitor sales of aircraft in its district by contacting the FAA at the Mike Monroney Aeronautical Center, Civil Aviation Registry, Public Documents Room, Registry Building, Oklahoma City, Oklahoma.

- The District mailed the 1990 appraisal notice dated May 10, 1990 to Silverstar Aviation, Inc., c/o Ad Valorem Tax Dept., 2400 Thanksgiving Tower, Dallas, Tx, 75201-4713, the address of the previous owner.

- No written protest of situs or failure to receive notice of the 1990 taxes was filed prior to the June 11, 1990 deadline for protests.

- Silverstar changed its name to Omniflight on June 11, 1990, but did not notify the District of the change until March 1991.

- The 1990 taxes became delinquent on February 1, 1991.

- A Delinquent Tax Notice was mailed to Silverstar, but it was mailed to the address of the previous owner.

- As of receipt of a letter dated March 29, 1991, the District was aware of Omniflight's address change and that there was an error in the 1990 tax roll. (This finding was not listed as a stipulation of fact).

For reasons not explained by the record, when Omniflight did not send information requested by the district attorney, the District filed suit on June 23, 1992, to collect the delinquent taxes on the helicopter for the 1990 tax year, plus penalty, interest, attorney's fees, and costs. By its original petition which was patterned after section 33.43, among other things, the District alleged that (1) the helicopter was situated within the boundaries of the taxing entities for tax purposes for said year, and (2) the helicopter was located in Lubbock County on January 1, 1990. In addition to seeking a money judgment, the District also sought foreclosure of a tax lien and an order of sale and execution.[3] In addition to its

---

[3]As of May 2000, the sum due for taxes, penalties, and interest for the 1990 tax year was $43,672.80.

general denial, by its amended answer, pursuant to section 33.45, Omniflight alleged numerous affirmative defenses summarized as follows:

- statute of limitations;

- the helicopter was not subject to taxation for 1990 because it was removed from the District after July 1, 1989, and not returned to the District; the principal place of business of Omniflight was not in Lubbock County at relevant times, and accordingly, the helicopter was not subject to taxation pursuant to Section 21.02 of the Texas Property Tax Code;

- Omniflight did not receive notice of the claims of the District before March 29, 1991, nor a hearing, which denied minimum constitutional due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution.

Although Omniflight's amended answer was filed on October 9, 1992, the District did not file a supplemental pleading nor other responsive pleading thereto. Similarly, the District did not file nor present any special exceptions or otherwise specifically point out by written exceptions any deficiencies pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure and, although section 33.43 specifies the form of an original petition to collect delinquent taxes, it does not exempt the District from compliance with Rules 90 or 91 or other rules where applicable. Although the trial court held that Omniflight's letter dated March 29, 1991, did not meet the requirements of a notice of protest under section 41.41 or a motion to the appraisal review board per section 25.25(c), the trial court concluded that the District should take nothing by its suit under "principles of equity."

4

By its sole point of error, the District contends the trial court erred in ruling for Omniflight because the corporation's failure to avail itself of the administrative remedies established by section 42.09 deprived the trial court of jurisdiction to consider its affirmative defenses. We disagree. The District's contention is grounded on section 42.09 cited by the District in its brief on appeal however, the words *jurisdiction* or *administrative remedies* do not appear in section 42.09. Instead, the section uses the term *grounds of protest.* As material here, section 42.09 (a) of Title 1, Chapter 42 provides in part that

> . . . procedures prescribed by this title for adjudication of the *grounds of protest* authorized by this title are exclusive, and a property owner may not raise any of those grounds . . . .

(Emphasis added). By its brief, the District contends

- the issues of situs and failure to receive notice were not properly raised;

- issues such as situs and the failure to receive notice must be raised in a protest . . . and may not be raised in defense of a suit to enforce collection of delinquent taxes

followed by a general reference to section 42.09. Although Title 1 includes 13 chapters which include at least 405 sections and Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that briefs contain appropriate citations to authorities, the District does not identify which of the 405 sections of Title 1 are implicated as a *ground of protest* and covered by section 42.09. Because the District has not cited or designated which of the

5

405 sections of Title 1 are implicated as its grounds for its point of error, the District's general reference to section 42.09 presents no supporting authority or argument for its proposition and presents nothing for review. Upchurch v. Albear, 5 S.W.3d 274, 285 (Tex. App.--Amarillo 1999, pet. denied); and Board of County Com'rs v. Amarillo Hosp., 835 S.W.2d 115, 129 (Tex.App.--Amarillo 1992, no writ).

In addition, a party cannot raise an issue, constitutional or otherwise, for the first time on appeal which was not presented to the trial court. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993). In order to preserve a complaint for appellate review, the record must show that the District raised its contention in the trial court. *See* Tex. R. App. P. 33.1(a).

By its trial pleadings, the District did not by special exception, supplemental pleading in accordance with Rules 90 and 91 of the Texas Rules of Civil Procedure, or otherwise contend that the trial court was without jurisdiction to consider the situs defense, or otherwise assert that the situs defense had been waived or was not properly before the court. By its failure to address the affirmative defenses presented by Omniflight pursuant to section 33.45, the District waived any defect, omission, or fault in Omniflight's pleadings. J.K. & Susie L. Wadley Research Inst. v. Beeson, 835 S.W.2d 689, 693 (Tex.App.--Dallas 1992, writ denied). Further, because the District did not raise or present its contention to the trial court, it cannot be raised for the first time on appeal. *See* Tx. Dept. of Prot. And Reg. Ser. v. Sherry, 46 S.W.3d 857, 861 (Tex. 2001) (following the rule in *Dreyer*).

6

However, because subject matter jurisdiction is an issue that may be raised for the first time on appeal, Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993), in order to complete our analysis, we must next determine whether Omniflight's failure to avail itself of administrative remedies deprived the trial court of jurisdiction to consider the situs defense.

We commence our review of the jurisdiction question by focusing on the Court's decision in Robstown Independent School District v. Anderson, 706 S.W.2d 952 (Tex 1986), wherein the Court held that the defense of non-ownership had been waived because it had not been presented to the appraisal review board. *Id.* at 953. However, it is significant to note that the Court did not hold that the defense was not available because of the absence of jurisdiction, rather, the Court held that the defense had been waived. *See also* Sierra Stage Coaches, Inc. v. La Porte Sch. Dist., 832 S.W.2d 191, 193 (Tex.App.--Houston [14th Dist.] 1992 no writ), and Flowers v. Lavaca County Appraisal Dist., 766 S.W.2d 825, 828 (Tex.App.--Corpus Christi 1989, writ denied) (holding that any defense was waived for failure to exhaust administrative remedies). Further, Appraisal Review Board v. International Church of the Foursquare Gospel, 719 S.W.2d 160 (Tex. 1986), is not applicable because it presented a question under section 42.21 in an action commenced by the taxpayer wherein the appraisal district had not been named a party, and did not involve affirmative defenses raised as required by section 33.45.

Moreover, by seeking foreclosure of it's alleged lien and an order of sale for a helicopter that had been removed from the district and sold to Omniflight, the District sought relief which implicated the law regarding a transaction preempted by federal law. *See* 49 U.S.C. § 44107 (a)(2) (1997). In State Securities Company v. Aviation Enterprises, Inc., 355 F.2d 225, 229 (10th Cir. 1966), the court held that while Congress had preempted the field and state recording statutes were not applicable to instruments of title covering aircraft, questions of good faith purchaser status are resolved under state law. Here, however, the District did not contend and the trial court did not find that Omniflight was not entitled to the protection afforded a purchaser for value of the helicopter. Indeed, under Texas law, Omniflight was not liable for any liability or *obligation* of Silverstar. (Emphasis added). *See* Tex. Bus. Corp. Act Ann. art. 5.10B(2) (Vernon Supp. 2001); Holden v. Capri Lighting, 960 S.W.2d 831, 833 (Tex.App.--Amarillo 1997, no pet.). The application of 49 U.S.C. § 44107, as material here, is demonstrated by the decision in CIM Intern v. United States, 641 F.2d 671 (9th Cir. 1980). In *CIM*, the court held that a levy by the Internal Revenue Service on an airplane of a taxpayer who had no equitable interest in the airplane was wrongful. *Id*. at 679.

Further, the District did not send any notices to Omniflight at its place of business in Charleston, South Carolina, but instead mailed the 1990 appraisal notice, the 1990 tax bill, and the delinquent tax notice to the Texas address of the former owner of the helicopter. Without citing any authority that Texas statutes have extraterritorial effect,  the

8

District argues that Omniflight's failure to avail itself of the administrative remedies provided in the Texas Tax Code deprived the trial court of jurisdiction to consider its affirmative defenses. Generally, state statues do not have extraterritorial effect. *See* State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 229 (1958), *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958) (noting that the universally recognized general rule is that statutes of a state *ex proprio vigore*[4] have no extraterritorial effect).

The District did not present its case on the theory that situs of the helicopter was a non-issue. Instead, by its trial pleadings, the District alleged that the helicopter was located within the district on January 1, 1990 and Omniflight responded by its affirmative defenses. The District invoked the jurisdiction of the trial court when it commenced the action to foreclose its alleged lien on the helicopter and obtain a money judgment against Omniflight. Once jurisdiction was acquired, no subsequent fact or event could operate to defeat jurisdiction. Dallas Independent School District v. Porter, 709 S.W.2d 642, 643 (Tex. 1986).

We do not consider Northwest Tex. Conf. v. Happy School D., 839 S.W.2d 140 (Tex.App.--Amarillo 1992, no writ), cited by the District to be controlling. *Northwest* did not involve questions of affirmative defenses under section 33.45. Instead, by its response to the district's motion for summary judgment, *Northwest*, who had only asserted a general

___

[4]*Ex proprio vigore* means by their or its own force. Black's Law Dictionary, 582 (6th ed. 1990).

denial, sought a judicial as opposed to administrative determination that its real estate, not an aircraft, was exempt from taxation under section 11.43. Also, *Northwest* did not present questions relating to aircraft transactions preempted by federal law. Further, Webb County App. D. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex. 1990), cited in *Northwest*, is not applicable because it involved a suit protesting tax value filed by the taxpayer and did not concern affirmative defenses presented by the defendant.

Accordingly, the District's sole point of error is overruled and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

10