CITY OF PHARR, P.S.J.A Independent School District and Hidalgo County, Appellants,

v.

BOARDER TO BOARDER TRUCKING, SVC., INC., et al, Appellee.

No. 13–01–292–CV.

Court of Appeals of Texas, Corpus Christi.

May 16, 2002.

---

Kent M. Rider, Calame Linebarger Graham & Pena, Austin, for Appellants.

Charles C. Murray, Lisa Powell, Atlas & Hall, McAllen, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellants, the City of Pharr, Pharr San Juan Alamo Independent School District and Hidalgo County, Texas, appeal the District Court's judgment which lowered the amount of taxes the appellee, Boarder to Boarder Trucking Inc. (Boarder), owed. Appellants argue through six points of error that: (1–4) the District Court lacked subject matter jurisdiction to (a) reduce the appraised values of Boarder's proper-

ty, (b) make findings of facts on this matter, (c) make conclusions of law on this matter, and (d) permit a taxpayer to defend a delinquent tax suit based on partial non-ownership of the property being taxed; (5) Boarder trucking failed to exhaust its administrative remedies; and (6) there is insufficient evidence to support the District Court's findings of fact. We affirm.

This case arises out of taxes assessed on Boarder's personal property between 1989 and 1995. The taxes were based on an appraised value set by the Hidalgo County Appraisal District. The personal property value totaled $768,653, of which $754,800 is attributed to twelve vehicles, all of which Boarder denies ownership. In 1989 Boarder protested that value arguing that the trucks in question were leased or owned by owner-operators.[1] Their protest was denied. Appellants subsequently filed suit to collect delinquent ad valorem taxes. Following a bench trial, the District Court ruled that appellee did not own personal property having a value as great as had been assessed to it for taxation. The judgment reduced the taxes owed to reflect the appellee's non-ownership of the twelve vehicles.

### Subject Matter Jurisdiction

Appellants' first four issues challenge the District Court's subject matter jurisdiction. They argue that the district court's lack of subject matter jurisdiction prevents it from: (1) reducing the appraised values of Boarder's property, (2) making findings of facts on this matter, (3) making conclusions of law, and (4) permitting a taxpayer to defend a delinquent tax

suit based on partial non-ownership of the property.

■■■ The lack of subject matter jurisdiction can be raised at any time in an appeal regardless of whether the issue was raised before the district court. *Tullos v. Eaton*, 695 S.W.2d 568, 568 (Tex.1985) (per curiam). To obtain a judicial review of an Appraisal Review Board's decision, a property owner must comply with Section 42.21(a) of the Texas Tax Code. *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16 (Tex.App.-Tyler 1995, writ denied). Where a cause of action and remedy for its enforcement are derived not from the common law but from a statute, "the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable." *Texas Catastrophe Prop. Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo.*, 706 S.W.2d 644, 646 (Tex.1986). Where statutory rights and remedies are concerned, the court may act only in the manner provided for by the statute. *Bullock v. Amoco Prod. Co.*, 608 S.W.2d 899, 901 (Tex.1980). As such, the requirements of this statute are jurisdictional. *Appraisal Review Bd. v. Int'l Church of the Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex.1986).

Section 42.09 of the tax code provides that a person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense if "the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed." TEX. TAX.CODE ANN. § 42.09 (Vernon Supp.2002). Pursuant to section 41.41, a property owner is entitled to protest before the appraisal review board a determination that he is

---

1. Boarder's tax returns do reflect isolated ownership of a few vehicle and trailers, none of which have a value of $85,000.00 per vehicle, the amount assessed by the appraisal district for each individual truck. The most expensive vehicle reflected in Boarder's tax returns is an $8,500.00 Chevy pickup truck.

the owner of property. TEX. TAX.CODE ANN. § 41.41 (Vernon Supp.2002). A taxpayer who fails to comply with the administrative procedure is precluded from raising non-ownership in defense to a suit to enforce collection of delinquent taxes. TEX. TAX.CODE ANN. § 42.09 (Vernon Supp. 2002).

Section 42.09 was amended, effective May 6, 1987, to permit non-ownership to be raised as an affirmative defense if the suit is to enforce personal liability for the tax. However, section two of the amendatory act specifies "[a] suit to collect delinquent tax filed before the effective date of this Act is governed by the law in effect when the suit was filed, and the former law is continued in effect for that purpose." Act of May 6, 1987, 70th Leg., R. S., ch 53, § 1, 1987 Tex. Sess. Law Serv. 265–66 (Vernon).

In the instant case, the appellants filed their action in 1992. As such we hold that the appellant was not precluded from utilizing the affirmative defense of non-ownership because it was filed subsequent to the 1987 amendment. *Id.* Furthermore, because the appellee is able to use non-ownership as a defense, we hold that trial court is authorized to dispose of the issues involved in that defense. We further recognize that 42.09 makes its clear that the legislature desires that the taxpayer "have available the defense that he did not own the property." *Gen. Elec. Capital Corp. v. City of Corpus Christi et al.*, 850 S.W.2d 596, 599 (Tex.App.-Corpus Christi 1993, writ denied).

Appellant's first four points of error, concerning subject matter jurisdiction, are overruled.

### Exhaustion of Administrative Remedies

 Appellants argue in their fifth issue that the trial court erred in rendering judgment assessing delinquent taxes,

penalties, and interest because Border failed to exhaust its administrative remedies. The Texas Tax Code provides that a property owner is entitled to protest the "determination of the appraised value of the owner's property." TEX. TAX CODE ANN. § 41.41 (Vernon Supp.2002). A property owner who is dissatisfied with the board's decision may petition for review in district court under chapter 42. TEX. TAX. CODE ANN. § 42.01 (Vernon Supp.2002). Failure to exhaust administrative remedies is fatal to a property owner's defense in the district court to the taxing authority's prima facie case for judgment in the amount of the delinquent tax. *Aldine Indep. Sch. Dist. v. Baty*, 999 S.W.2d 113, 117 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Section 42.09 of the tax code provides that the remedies provided in the code for protest are exclusive. TEX. TAX CODE ANN. § 42.09 (Vernon Supp.2002). Failure to exhaust those avenues results in a deprivation of the right to raise any defense against a suit to enforce collection of delinquent taxes. *Robstown Indep. Sch. Dist. v. Anderson*, 706 S.W.2d 952, 953 (Tex.1986).

Here, the record indicates that appellee sent an August 29, 1989 letter complaining about the inclusion of the trucks in the appraisal. We hold that this letter serves as appellee's protest of the "determination of the appraised value of the owner's property." TEX. TAX CODE ANN. § 41.41 (Vernon Supp.2002). We further acknowledge that this same letter was recognized as a protest by the appraisal review board in that it subsequently notified appellee that its protest was denied. As to the appellants' argument that appellee should have sent a letter each and every year that the taxes were assessed, we dismiss that contention in light of the fact that it was the same twelve vehicles that were being taxed and they were the same vehicles that were

protested in appellee's August 29, 1989 letter.

We, therefore, overrule appellants' fifth issue.

### Sufficiency of the Evidence

Appellants argue in their sixth issue that there is insufficient evidence to support the District Court's findings of facts 1.2 through 1.6. Those findings of fact concern the trial court determination that the trucks in question were not part of Boarder's personal property.

 A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as applied to review jury verdicts for factual sufficiency of the evidence. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). In reviewing a factual sufficiency point, the appellate court must weigh all of the evidence in the record. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

In the present case, appellants challenge the findings of fact which state in pertinent part that "the remainder of the tax amount claimed by the plaintiffs is predicated on Boarder's alleged ownership of twelve (12) vehicles with a value of $85,000 each. Boarder did not own those vehicles on January 1 of each of the tax years 1989 through 1995, or at any relevant time."

Appellants argue that a "finding of a value of $13,853 is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust."

At trial, evidence was produced that with very few exceptions, Boarder did not own the tractors and trailers that it uses. Instead, the evidence showed that such rigs were owned by individuals and were leased to Boarder. As for the exceptions, there is no evidence that Boarder owned any vehicle meeting the description of a value of $85,000. The evidence demonstrated that Boarder owned a limited number of vehicles for a limited period of time with the highest value on those vehicles being $8,500.

Therefore, we hold the trial court's findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.2d at 176.

Appellants' sixth and final error is overruled.

Accordingly, we affirm the judgment of the district court.