John B. BARNETT, Jr. MD Surgical, P.A., Appellant

v.

COUNTY OF DALLAS, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District, Appellees.

No. 05–04–01602–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 2005.

John H. Carney, John H. Carney & Associates, P.C., Dallas, for Appellant.

Pamela Pope Johnson and Shelia Fuqua Carter, Linebarger Goggan Blair & Sampson, LLP, Dallas, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

The County of Dallas, on its own behalf and on behalf of the City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District (the taxing authorities), filed suit against John B. Barnett, Jr. MD Surgical, P.A. to collect delinquent ad valorem taxes for the years 1993 through 2003. Appellant denied ownership of the property and protested the property's appraised value. Following a bench trial, the trial court ruled in favor of the taxing authorities, and Appellant appealed. For the reasons that follow, we affirm.

### BACKGROUND

Dr. John B. Barnett owned and operated John B. Barnett, Jr. MD Surgical, P.A. In January 1990, he moved his practice from Walnut Hill Lane in Dallas to 5489 Blair Road in Dallas and left "a great deal" of Appellant's business personal property with the new occupant of the Walnut Hill Lane office. Because he did not take all of the property with him,

Barnett testified he believed the taxing authorities were trying to tax him on property he did not own.[1] When asked if he knew what property the taxing authorities claimed Appellant owned, Barnett replied, "No, I have no idea what they allege I have." He said no one had been to his office in fourteen years to appraise the property at his Blair Road address, but that he did not believe the property was worth $78,000 as indicated in the tax statement. Barnett testified that Appellant owned business personal property at the Blair Road address, just not "nearly as much stuff as I did in the other office" and that "there's many things that are different."

Barnett also testified that he received notices, or rendition forms, from the Dallas Central Appraisal District requesting information on property Appellant owned, but that he had "no idea how to fill that out at all" and did not complete the forms. He did not return any of the rendition forms to the appraisal district stating he disagreed with the appraised value of the business personal property, and he did not recall whether the forms were sent to him individually or to his business.

In rendering judgment for the taxing authorities, the trial court made the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1. The defendant, John B. Barnett, Jr. MD Surgical P.A. is a professional association.
2. The defendant, John B. Barnett, Jr. MD Surgical P.A. has operated a business at 5489 Blair Road, Suite 500, Dallas, Texas, since January 1990.
3. The defendant, John B Barnett, Jr. MD Surgical P.A. received notices from the Dallas Central Appraisal District regarding the inclusion of business personal property on the tax rolls in the name of John B. Barnett, located at 5489 Blair Road, Suite 500, Dallas, Texas.
4. The defendant, John B. Barnett, Jr. MD Surgical P.A. has never informed the Dallas Central Appraisal District that the correct business name for any business personal property located at 5489 Blair Road, Suite 500, Dallas, Texas, is John B. Barnett, Jr. MD Surgical P.A. and not John B. Barnett, individually.
5. The defendant, John B. Barnett, Jr. MD Surgical P.A. has not exhausted it[ ]s right to protest ownership in its own name or in the name of John B. Barnett, individually.
6. The private corporation, John B. Barnett, Jr. MD Surgical P.A., operated under the assumed or common name of John B. Barnett.
7. The market value of the subject property is $78,060.00.

\* \* \*

### II. CONCLUSIONS OF LAW

1. [The taxing authorities] are legally constituted and authorized to impose and collect ad valorem taxes on property.
2. [The taxing authorities] legally imposed taxes on the business personal

---

**1.** Throughout his testimony, Barnett referred to property he owned or did not own, without making a distinction between his individual capacity and the professional association. At trial, Barnett claimed he personally did not own any of the property and that the taxing authorities were attempting to hold him individually liable because the tax statement was sent to him personally at his business address. However, the lawsuit was filed against the professional association, and Barnett does not raise this issue on appeal. Having reviewed the entire record, we construe Barnett's testimony to mean that the professional association owned the property subject to the suit.

property located at 5489 Blair Road, Suite 500, Dallas, Texas.

3. The [taxing authorities] are entitled to recover each tax imposed and each penalty that is incurred and all interest that has accrued on the subject property from the date of the judgment to the date of the sale under Section 34.01 of the Texas Property Tax Code....

* * *

In its first issue, Appellant challenges the trial court's finding of fact number five, arguing that under section 42.09 of the property tax code Appellant was not required to exhaust its administrative remedies before it could protest ownership in defense to a suit to collect delinquent taxes. In its second issue, Appellant argues that because the trial court erroneously concluded Appellant had not exhausted its administrative remedies, the trial court failed to properly shift the burden of producing evidence of ownership of the property back to the taxing authorities after Appellant rebutted the presumption of ownership. In its third issue, Appellant argues the trial court abused its discretion when it denied Appellant's motion to compel discovery.

## DISCUSSION

### Exhaustion of Administrative Remedies

■ The taxing authorities concede that section 42.09 of the property tax code allowed Appellant to raise non-ownership of

the property as an affirmative defense in their suit to collect delinquent taxes even though Appellant did not protest ownership at the administrative level. *See* TEX. TAX CODE ANN. § 42.09 (Vernon 2001)[2]; *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex.App.-Amarillo 2004, no pet.) (section 42.09 states administrative remedies exclusive with two exceptions); *City of Pharr v. Boarder to Boarder Trucking Svc., Inc.*, 76 S.W.3d 803, 805–06 (Tex.App.-Corpus Christi 2002, pet. denied) (same); *Gen. Elec. Capital Corp. v. City of Corpus Christi*, 850 S.W.2d 596, 602 (Tex.App.-Corpus Christi 1993, writ denied) (legislature amended section 42.09 in 1987 in response to *Robstown Indep. Sch. Dist. v. Anderson*, 706 S.W.2d 952, 953 (Tex.1986), which held non-ownership defense waived because taxpayer did not exhaust administrative remedies); *contra Aldine Indep. Sch. Dist. v. Baty*, 999 S.W.2d 113, 118 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (because taxpayer failed to raise non-ownership defense at administrative level, taxpayer waived defense in district court) (citing *Robstown*, 706 S.W.2d at 953).

Because the taxing authorities agree with Appellant's interpretation of section 42.09, we do not need to further address Appellant's first issue contending the trial court erroneously concluded Appellant had not exhausted its administrative remedies as stated in finding of fact number five.

### Burden of Proving Ownership

■ In response to Appellant's second issue, the taxing authorities argue the trial

2. Section 42.09 provides:
(a) Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:
(1) in defense to a suit to enforce collection of delinquent taxes;
* * *

(b) A person against whom suit to collect a delinquent property tax is filed may plead as an affirmative defense:
(1) if the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed;....
* * *
TEX. TAX CODE ANN. § 42.09(a)(1) & (b)(1).

court's finding number five that appellant had not exhausted its administrative remedies was not erroneous or harmful because, despite the finding, the trial court allowed Appellant to present evidence to support its affirmative defense that it did not own the property.

At trial, the taxing authorities introduced a certified tax statement showing delinquent ad valorem taxes in the amount of $27,005.19, including penalties, interest, and fees, on "Personal Property Barnett, John B MD" with an appraised value of $78,060, for the years 1993 through 2003. Appellant concedes this tax statement was sufficient to establish a prima facie case as to every material fact necessary to the taxing authorities' cause of action and that it created a presumption the taxing authorities were entitled to judgment against Appellant in the amount of the delinquency. *See* TEX. TAX CODE ANN. § 33.47(a) (Vernon 2001); *Estates of Elkins v. County of Dallas,* 146 S.W.3d 826, 829 (Tex. App.-Dallas 2004, no pet.).

But Appellant argues it rebutted the presumption. *See D & M Vacuum Serv., Inc. v. Zavala County Appraisal Dist.,* 812 S.W.2d 435, 437 (Tex.App.-San Antonio 1991, no writ) (ownership presumption created by section 33.47 disappears if taxpayer produces sufficient evidence to justify finding against presumed fact). Appellant contends Barnett's testimony that the property was not appraised was sufficient evidence that Barnett did not own the property and should have caused the trial court to shift the burden back to the taxing authorities to introduce additional evidence of ownership. We disagree.

Although Barnett testified that no one from the appraisal district had appraised the property, evidence regarding whether the property was appraised has to do with the accuracy of the appraised value, not the ownership of the property on which

the tax was imposed. *See* TEX. TAX CODE ANN. § 42.09. And Appellant may not challenge the property's appraised value in a suit to collect delinquent taxes. *Id.* Instead, the only evidence from Appellant about ownership was Barnett's testimony that Appellant owned business personal property at 5489 Blair Road, just not all of the property it owned before the move in 1990. Appellant did not introduce any evidence it was being taxed on property it did not own. Consequently, appellant did not rebut the presumption of ownership by introducing evidence that the property was not appraised, and the taxing authorities were under no obligation to offer further evidence to prove ownership. *See Estates of Elkins,* 146 S.W.3d at 830.

In summary, and despite its finding number five, the trial court gave Appellant the opportunity to protest ownership of the property at trial. But Appellant failed to rebut the presumption created by the tax statement, and the burden did not shift back to the taxing authorities to introduce additional evidence of ownership. As a result, we conclude the trial court's interpretation of section 42.09 does not require reversal. *See Adams v. H & H Meat Products, Inc.,* 41 S.W.3d 762, 770 (Tex. App.-Corpus Christi 2001, no pet.) (incorrect conclusion of law does not require reversal if controlling findings of fact support correct legal theory). Excluding finding of fact number five, the remaining findings of fact and conclusions of law support the judgment. We overrule Appellant's first and second issues.

### Denial of Motion to Compel

In its third issue, Appellant argues the trial court abused its discretion when it denied Appellant's motion to compel the taxing authorities to produce records that "dealt with the Appraisal District's methods for appraising Barnett's

property" and information that would allow Appellant "to ascertain what assets the Appraisal District thought Barnett owned." We will reverse a trial court's ruling on a motion to compel only when the court acts in an arbitrary and unreasonable manner, without reference to any guiding principles. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.-Austin 1997, no pet.).

Appellant argued the taxing authorities did not respond or gave evasive or incomplete answers to its discovery requests. Appellant also argued the taxing authorities were agents of Dallas Central Appraisal District, giving them an equal or superior right to possession of the information and "constructive possession" of the documents. The taxing authorities responded that they were not in possession of the information, the information was a matter of public record, and they had provided Appellant the name, address, and telephone number of the Dallas Central Appraisal District where the information could be obtained. The trial court denied the motion to compel.

Rule 192.3 of the Texas Rules of Civil Procedure provides:

> (a) *Generally.* In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party....
>
> (b) *Documents and Tangible Things.* A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the person's possession, custody, or control.

TEX.R. CIV. P. 192.3(a) & (b).

Rule 192.7(b) defines possession, custody, or control as meaning "the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item." TEX.R. CIV. P. 192.7(b).

Appellant cited no authority for its "agency" argument that it claimed gave the taxing authorities equal or superior right to this information from the appraisal district. The information Appellant sought in discovery were public records accessible to both Appellant and the taxing authorities. Additionally, the information was in the possession of a nonparty, the appraisal district. The rules of civil procedure establish the method for obtaining discovery from non parties. *See* TEX.R. CIV. P. 205. And Appellant offered no evidence it complied with this procedure.

We conclude the trial court did not abuse its discretion by denying Appellant's motion to compel. *See In re Kuntz*, 124 S.W.3d 179, 184 (Tex.2003) (mere access to documents not "physical possession"); *Graff v. Whittle*, 947 S.W.2d 629, 639 (Tex. App.-Texarkana 1997, writ denied) (public records not considered in possession of any party). We overrule Appellant's third issue.

We affirm the judgment of the trial court.