# IN THE SUPREME COURT OF TEXAS

═══════════

No. 11-0650

═══════════

NED B. MORRIS III, ET AL., PETITIONERS,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, ET AL., RESPONDENTS

═══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

═══════════════════════════════════════════════

**PER CURIAM**

In this case we must decide whether taxpayers who were sued for nonpayment of property taxes lost their entitlement to contest liability based on non-ownership when the taxing authorities non-suited after the taxpayers paid the disputed taxes under protest. We hold that they did not. Accordingly, the court of appeals erred in reversing the trial court's denial of the taxing authorities' plea to the jurisdiction. We reverse the court of appeals' judgment and remand to the trial court.

The Harris County Appraisal District's appraisal roll listed the petitioners, Ned B. Morris III, Daniel W. Shipper, Patrick A. Shipper, Anita Gibson, Mary Ann Moseley, Deborah L. Moore, Linda Shipper Bender, Caroline D. Armstrong, Pamela K. Moore, Joyce Salter, and James R. Hunt (collectively, "Taxpayers") as the owners of 10.34 acres of land in Harris County, of which the Taxpayers actually owned 9.38 acres. They never administratively challenged the inclusion of the 0.96 acres they did not own. In 2004, the Houston Independent School District, Harris County, City

of Houston, Harris County Education Department, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, and the Houston Community College System[1] sued the Taxpayers for twenty years of unpaid taxes on the 10.34 acres. The taxing authorities placed a lien on the properties to secure payment. As the Taxpayers only owned 9.38 of the 10.34 acres, they asserted their lack of ownership as an affirmative defense under section 42.09(b)(1) of the Tax Code. While the suit was pending, the Taxpayers, under protest, paid the taxes on the entire 10.34 acres because the taxing entities would not accept payment on only the 9.38 acres. The Taxpayers did so in order to stop further penalties and interest from accruing, to avoid foreclosure on the 9.38 acres they did own, and to avoid breaching a contract to sell the 9.38 acres. They then filed a counterclaim for a refund of the taxes, penalties, and interest they had paid on the 0.96 acres they did not own, totaling $180,000. Once the taxing entities received the payment, they non-suited their claims and the district court realigned the parties, designating the Taxpayers as plaintiffs.

The taxing authorities filed a plea to the jurisdiction, asserting that the district court lacked jurisdiction because the Taxpayers failed to exhaust administrative remedies as required by the Tax Code. *See* TEX. TAX CODE § 42.09(a). The district court denied the plea. The taxing entities then filed an interlocutory appeal, contending that the district court erred in denying their jurisdictional plea.[2]

---

[1] Morris's petition for review also names the Harris County Education District as a respondent in this Court.

[2] While we generally do not have jurisdiction over interlocutory appeals, the court of appeals rendered a final judgment granting the taxing entities' plea to the jurisdiction and dismissing the case.

2

The court of appeals reversed and granted the plea to the jurisdiction. 355 S.W.3d 668, 671. The court of appeals reasoned that after the realignment, the Taxpayers became plaintiffs so the affirmative defense of non-ownership was no longer available under section 42.09(b)(1). *Id*. at 677; TEX. TAX CODE § 42.09(b)(1). Since the only other means for bringing up non-ownership was a protest before the appraisal review board under section 41.41(a)(7), and the Taxpayers brought no timely protest, the court of appeals held that the trial court lacked jurisdiction due to the Taxpayers' failure to exhaust administrative remedies. 355 S.W.3d at 677; TEX. TAX CODE § 41.41(a)(7). The Taxpayers appealed, arguing that they were not stripped of their affirmative defense of non-ownership when the taxing units non-suited and the Taxpayers were realigned as plaintiffs. We agree and hold that the court of appeals erred in reversing the trial court's order denying the taxing authorities' plea to the jurisdiction.

The Tax Code establishes a detailed set of procedures that property owners must abide by to contest the imposition of property taxes. *See* TEX. TAX CODE §§ 41.01–43.04. Under section 42.09(a) of the Code, those procedures are exclusive and a taxpayer must exhaust the remedies provided in order to raise most grounds of protest in defense of a suit to collect taxes or as a basis for a claim for relief. *Id.* § 42.09(a). Section 42.09(b)(1), however, allows a person sued for delinquent taxes to assert as an affirmative defense "that the defendant did not own the property on which the tax was imposed" if the suit is to enforce personal liability. *Id.* § 42.09(b)(1).

In reversing the trial court's ruling, the court of appeals emphasized the distinction between the Taxpayers' assertion of non-ownership as an affirmative defense and non-ownership as the basis for an affirmative claim for reimbursement of taxes paid under protest. That there is a distinction

3

between an affirmative defense and an affirmative claim for relief is beyond dispute. But the technical distinction between the two is insignificant in this context. In section 42.09(b)(1), the Legislature provided taxpayers a mechanism to avoid the imposition of tax liability for property they do not own. Under the court of appeals' reading of the statutory scheme, however, even persons who were never provided an opportunity to pursue the administrative remedy provided in section 41.41(a)(7) of the Code would be unable to recoup taxes paid under protest after being sued for delinquent taxes on property they did not own if the taxing authorities non-suited. Further, the court of appeals' construction of the statute discourages taxpayers' compliance with section 42.08 of the Tax Code, which requires prepayment of taxes under protest as a condition of judicial review; as the Taxpayers in this case note, they would have been in a better position had they resisted payment and pursued the litigation to the end, despite not availing themselves of administrative remedies.

While Section 42.09(b)(1) refers to non-ownership as an affirmative defense, it evidences the Legislature's intention to provide taxpayers with an opportunity to avoid tax liability for property that they do not own. *See City of Pharr v. Boarder to Boarder Trucking Serv., Inc.*, 76 S.W.3d 803, 806 (Tex. App.—Corpus Christi 2002, pet. denied)(recognizing "that 42.09 makes [it] clear that the legislature desires that the taxpayer 'have available the defense that he did not own the property.'"). Taxing statutes are construed strictly against the taxing authority and liberally for the taxpayer. *Bullock v. Statistical Tabulating Corp.*, 549 S.W.2d 166, 169 (Tex. 1977); *Wilson Commc'ns, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex. 1970). The court of appeals' reading of the statute contravenes that precept: it allows taxing authorities to thwart the Legislature's intent by accepting taxes paid under protest and then non-suiting, just as happened in this case.

4

Accordingly, we hold that the Taxpayers did not lose their entitlement to contest tax liability on the basis of non-ownership when the taxing units non-suited and the Taxpayers were realigned as plaintiffs.  Accordingly, we reverse the court of appeals' judgment and remand to the trial court.


**OPINION DELIVERED:**  October 26, 2012