

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00607-CV

Dorothy **SISAM**, Individually, and
Maximum Transmission Telecom, LLC,
Appellants

v.

## **STRATEGIC FUNDING SOURCE, INC.**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 23-316
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: August 27, 2025

AFFIRMED

Appellants Dorothy Sisam and Maximum Transmission Telecom, LLC (collectively "MTT") appeal from a judgment confirming an arbitration award in favor of appellee, Strategic Funding Source, Inc. ("Strategic"). In two issues, MTT complains that the trial court erred in confirming the award because the arbitrator refused to hear material evidence, and the trial court did not allow discovery. We affirm.

## I. BACKGROUND

MTT and Strategic entered into a loan agreement (the "Agreement") on April 25, 2018. The Agreement contains provisions providing for the arbitration of disputes before the American Arbitration Association ("AAA") pursuant to the Federal Arbitration Act ("FAA"). A dispute arose between the parties over the total amount owed under the Agreement. Around June 11, 2021, MTT initiated arbitration with the AAA alleging, among other claims, fraud in the inducement by Strategic. Strategic counterclaimed for breach of contract. Following a two-day evidentiary hearing, Arbitrator John K. Boyce, III issue a final arbitration award in favor of Strategic, awarding it $35,990.00 on its breach of contract claim and $50,000.00 in attorney's fees. MTT appealed the award to the AAA Appeal Tribunal which adopted Arbitrator Boyce's final arbitration award.

On March 28, 2023, the AAA sent the final arbitration award to both parties by email and placed a copy in the mail. On June 22, 2023, MTT filed a motion to vacate the arbitration award, and on June 29, 2023, MTT served its motion on Strategic. Strategic opposed MTT's motion and filed a motion to confirm the award. While the case was pending in the trial court, MTT filed a motion to compel discovery. Neither party filed the full arbitration record with the trial court. In support of its motion to vacate, MTT filed a sworn declaration of its counsel, in which he authenticated brief excerpts of testimony from the arbitration hearing that are quoted in MTT's motion. The trial court held a non-evidentiary hearing on the pending motions and thereafter signed a judgment confirming the arbitration award. MTT timely appealed.

## II. DISCUSSION

MTT argues that the trial court erred by confirming the arbitration award because (1) the arbitrator refused to hear material evidence in the underlying arbitration and (2) the trial court did not allow discovery regarding this purportedly material evidence. Strategic argues (1) MTT's

motion to vacate the arbitration award was untimely served and (2) MTT's issues nevertheless fail because they cannot be established without an arbitration record. Based on the circumstances of this case, we agree with Strategic that the lack of an arbitration record is determinative.[1]

1. Confirmation of the Arbitration Award

"An arbitration award is presumed valid and entitled to great deference." *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We review a trial court's ruling to vacate or confirm an arbitration award *de novo*, based on the entire record. *Id.*; *accord Guerra v. L&F Distribs., LLC*, 521 S.W.3d 878, 885 (Tex. App.—San Antonio 2017, no pet.). The scope of our review is "extraordinarily narrow," and we must indulge every reasonable presumption in favor of upholding the arbitration award. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied).

The parties' Agreement is governed by the FAA. Section 10(a) of the FAA authorizes courts to vacate arbitration awards where, as MTT alleges, "the arbitrator[] w[as] guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). MTT, as the party moving to vacate, has the burden of proof. *Petrobras Am., Inc. v. Astra Oil Trading NV*, No. 01-11-00073-CV, 2012 WL 1068311, at *11 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) (citing *Lummus Glob. Amazonas, S.A. v. Aguaytia Energy del Peru, S.R. LTDA,* 256 F.Supp.2d 594, 604 (S.D. Tex. 2002). It also bears the burden of bringing forth a complete record that establishes its basis for relief. *Statewide Remodeling, Inc. v. Williams*,

---

[1] We do not address Strategic's argument regarding timely service and assume without deciding that MTT's motion to vacate was timely served. The FAA imposes a three-month limitations period in which to serve a motion to vacate. 9 U.S.C. § 12; *see In re Chevron U.S.A., Inc.*, 419 S.W.3d 318, 326 (Tex. App.—El Paso 2010, no pet.). Failure to serve within three-months provides a ground to deny a motion to vacate. *See Eurocapital Grp., Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426, 432 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding untimely service forfeited appellant's right to judicial review of award). However, service within three-months is not a jurisdictional requirement. *See Holcim (Tex.) Ltd. P'ship v. Humboldt Wedag, Inc.*, 211 S.W.3d 796, 802 (Tex. App.—Waco 2006, no pet.) ("[S]ection 12 has been consistently treated as a statute of limitations rather than a jurisdictional prerequisite.").

244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.); *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ).

Because MTT's asserted basis for relief is that the arbitrator was guilty of misconduct in refusing to hear evidence, to determine MTT's claim, we must determine, as an initial matter, what evidence the arbitrator heard and refused, and next whether the circumstances indicate misconduct. *See* 9 U.S.C. § 10(a)(3). Here, the parties dispute the nature of the evidence allegedly refused. It is uncontested that the arbitrator allowed discovery of recordings made before execution of the parties' Agreement but not after. It is also undisputed that Strategic did not produce what it claims is a post-execution recording and what MTT claims is a pre-execution recording and that ultimately the arbitrator did not hear the disputed recording because the recording was never offered by either party. MTT contends that the recording bears on its claim for fraudulent inducement.

Under these circumstances, we cannot begin our inquiry into misconduct, let alone resolve it, without a more complete record of the arbitration proceedings. *See Spears Constr. Mgmt., LLC v. Physical Therapy Dynamics, PLLC*, No. 02-22-00337-CV, 2023 WL 1859452, at *8 (Tex. App.—Fort Worth Feb. 9, 2023, pet. denied) (mem. op.) (court could not review claim that arbitrator refused to hear material evidence without record of arbitration proceedings); *Saldana v. Saldana*, No. 01-12-00092, 2013 WL 1928800, at *3 (Tex. App.—Houston [1st Dist.] May 9, 2013, pet. denied) (mem. op.) (court could not determine whether arbitrator refused to consider material evidence and whether refusal substantially prejudiced appellant's rights without record of arbitration proceedings). Minimally, to resolve the matter in MTT's favor we would need an arbitration record that shows (1) if, how, and when MTT brought its discovery dispute and evidentiary requests to the arbitrator; (2) MTT's underlying support for its contention that the

recording was made pre-execution; (3) the arbitrator's response to MTT's requests; and (4) the context of MTT's requests and the arbitrator's refusal, if any, in light of other evidence presented at arbitration. The short arbitration transcripts that are included in MTT's trial briefing go only to MTT's contention that the disputed recording was made prior to execution of the Agreement.[2]

In lieu of an arbitration record, MTT relies on its counsel's sworn declaration filed with the trial court. However, an attorney's statements in post-arbitration briefing concerning what occurred at arbitration is not a substitute for a record of those proceedings. *See Gordon v. Trucking Res. Inc.*, No. 05-21-00746-CV, 2022 WL 16945913, at *6 (Tex. App.—Dallas Nov. 15, 2022, no pet.) (mem. op.) (stating description of arbitration proceedings in motion to vacate did not constitute a record of arbitration proceedings); *Henry S. Miller Brokerage, LLC v. Sanders*, No. 05–14–01618–CV, 2015 WL 4600218, at *3 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.) (refusing counsel's statements as a substitute for a record of arbitration proceedings); *Statewide Remodeling*, 244 S.W.3d at 569 (noting attorneys' affidavits containing recollections of what occurred before the arbitrator do not constitute a record of arbitration proceedings).

To be sure, a complete record of arbitration proceedings is not always required for vacatur. For example, in *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677 (Tex. App.—Dallas 2010, pet. denied), a case MTT cites, the appellate court considered whether the arbitrator exceeded his authority by deciding claims that were not properly before him, and the court determined the matter by reviewing just the arbitration pleadings, motions filed in arbitration, and the contract containing the arbitration agreement. *See id.* at 685. However, even in *Centex*, the

---

[2] To support its contention about the recording, MTT provides short excerpts of testimony from a Strategic representative who stated only that he listened to an audio recording from an interview that occurred "prior to funds being dispersed," which MTT interprets as pre-execution. However, funds disbursement and execution of the Agreement may not have occurred contemporaneously. An exhibit in the trial record that shows a payment history suggests that funds were dispersed several days after the Agreement was signed.

appellate court denied another issue — that the arbitrator exceeded his authority by awarding attorney's fees — because "resolution of this issue turn[ed] on the evidence offered and considered by the arbitrator and the manner in which the arbitration proceeding was conducted," none of which was included in the appellate record. *See id.* at 687. As with the attorney's fees issue in *Centex*, MTT's ground for vacatur requires a more complete arbitration record for resolution than MTT provided.

In sum, MTT cannot carry its burden of proof to establish its asserted ground for vacatur with only the declaration of its counsel, which authenticated short excerpts of testimony from the two-day arbitration hearing. *See Petrobras*, 2012 WL 1068311, at *11; *Centex*, 314 S.W.3d at 687; *see also ZTE Corp. v. Universal Tel. Exch., Inc.*, No. 05-17-00781-CV, 2018 WL 6039694, at *6 (Tex. App.—Dallas Nov. 19, 2018, pet. denied) (mem. op.) ("Because [the party seeking to vacate the award] has not brought forth a complete record of the arbitration hearing, it has not met its burden of proof[.]"). Therefore, we hold the trial court did not err by denying MTT's motion to vacate, and we overrule MTT's first issue.

## 2. Trial Court Discovery

In its second issue, MTT argues that the trial court abused its discretion by refusing to grant its motion to compel discovery, which the trial court implicitly denied. *See* TEX. R. APP. P. 33.1(a)(2)(A) (allowing appellate complaint following implicit trial court ruling); *San Antonio Family Ass'n v. City of San Antonio*, No. 04-24-00300-CV, 2025 WL 1789180, at *12 (Tex. App.—San Antonio June 30, 2025, no pet. h.) (determining trial court implicitly denied motion for continuance to seek discovery by dismissing case). MTT argues that the discovery that it sought is central to the case and advances its claim for vacatur.

We review a trial court's ruling on a motion to compel discovery under an abuse of discretion standard. *See Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). An appellate court should only reverse a trial court's ruling on a motion to compel when the trial court acts in an arbitrary and unreasonable manner, without reference to any guiding principles. *See Barnett v. Cnty. of Dallas*, 175 S.W.3d 919, 924 (Tex. App.—Dallas 2005, no pet.). Discovery is permissible if it is reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a); *see Rodas v. La Madeleine of Tex., Inc.*, No. 05–14–00054–CV, 2015 WL 1611780, at *6 (Tex. App.—Dallas Apr. 10, 2015, pet. denied) (mem. op.) (allowing post-arbitration discovery where relevant to motion to vacate).

MTT sought production of the disputed recording as well as answers to related requests for admission while the motion to vacate was pending in the trial court. Conceivably, the recording, if made before execution of the Agreement, could have a bearing on MTT's underlying fraudulent inducement claim.[3] However, vacatur under FAA section 10(a)(3) requires not only pertinent and material evidence but also that the arbitrator was guilty of misconduct by refusing to hear the evidence. 9 U.S.C. § 10(a)(3). For the reasons given above, without a more complete arbitration record, we cannot determine whether the arbitrator was guilty of misconduct or even if he refused to hear the disputed recording. Consequently, even if the recording is what MTT asserts it to be, MTT has not established a ground for vacatur. *See id.*

We cannot say the trial court abused its discretion by denying MTT's motion to compel discovery where the evidence sought could not answer, without a more complete arbitration record, the ultimate question of whether the arbitrator was guilty of misconduct in refusing to hear the

---

[3] Strategic contends that even then the recording would not be pertinent or material because a fraudulent inducement claim requires justifiable reliance, and MTT could not have justifiably relied upon representations contrary to the written Agreement.

evidence. *See* 9 U.S.C § 10(a)(3); TEX. R. CIV. P. 192.3(a); *see also Glenn A. Magarian, Inc. v. Nat'l Fin. Corp.*, No. 05-97-00663-CV, 1999 WL 814289, at \*5 (Tex. App.—Dallas Oct. 13, 1999, pet. denied) (not designated for publication) (holding trial court did not abuse its discretion in denying a motion to compel discovery where grounds for vacatur required an arbitration record, which was not provided). We overrule MTT's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice